## MAYALL v. BOSTON AND MAINE RAILROAD.

Any arrangement made between a carrier and his servant, by which the servant is to be paid for the carriage of particular parcels, will not exempt the carrier from responsibility for the loss of them, unless such arrangement is known to the owner thereof, so that he contracts exclusively with the servant.

But where the corporation have a general agent, who is employed by them for the express purpose of receiving and transporting merchandize for hire, and is held out to the world as invested with authority for this purpose, if goods are delivered to him, to be transported in the way of his duty, the corporation will be liable for the manner in which that duty is performed, and the contract of bailment may be regarded as made with them.

The plaintiff, who carried on business in her own name, having possession of certain goods, claiming to own them, delivered them to the defendant's agent, for the purpose of being transported. In an action on the case for the loss of the goods, it was held that the plaintiff was entitled to recover, although some third person might have an interest in her business, as the legal interest in the contract resided in her.

CASE, for the loss of a package of bonnets, which, it is alleged, the defendants undertook to carry for the plaintiff, for hire, from Dover to Great Falls.

It appeared that the defendants were engaged in the business of transporting passengers and their baggage and merchandize generally, from Dover to Great Falls and elsewhere; that they had at Dover a passenger depôt and a freight depôt, and a passenger train and a freight train running between Dover and Great Falls, and there was evi-

dence tending to show that packages, not belonging to passengers, were carried by the passenger train from the passenger depôt.

The defendants offered evidence tending to show that all such packages, not belonging to passengers going by the passenger train, were carried by the brakemen, firemen, or others, on their own individual account, and that the compensation for carrying the same was the perquisite of the individual who carried them, and that the defendants received no compensation therefor, and were not responsible for the safe carriage of the same, and did not allow them to be carried on their account.

There was evidence on the part of the plaintiff tending to show that the package of bonnets was delivered by her agent at the passenger depôt, at Dover, to the defendants' baggage-master, whose duty it was to take charge of all baggage of passengers, and of all merchandize to be transported by the defendants, on the route aforesaid, and was by him put on board the cars for Great Falls.

The court instructed the jury that if the plaintiff, or her agent, employed any individual to carry this package of bonnets on his own account, whether brakemen or firemen, or other persons, the defendants were not responsible for the loss; but if it was delivered to the general agent of the defendants, authorized by them to receive and transmit merchandize for them, to be transported by the defendants for hire, and was received by him, the defendants were liable, and that any regulations or private instructions of the defendants to their agents, that such packages should not be sent by the passenger trains on their account, but should be carried by brakemen, firemen, or others, on their own individual account, would not bind the plaintiff or affect her right to recover, unless such regulations or private instructions were known to her or her agent, or in some way made known to the public.

The court also instructed the jury that if the package

directed to the plaintiff was left at the passenger depôt by the plaintiff's agent, and deposited with baggage and packages, to be forwarded to Great Falls from that place, and the defendants' agents, duly authorized by them so to do, received the package and put it on board the cars, to be carried to Great Falls, the defendants were answerable for its safe carriage.

It appeared that the plaintiff was a milliner, and had a shop at Great Falls, and carried on the business in her own name, buying and selling goods and repairing bonnets.

The defendants contended, upon the evidence, that the business was carried on by the plaintiff, in part or in all, for the benefit of a third person, and objected to the plaintiff's right of recovering on that ground.

The court instructed the jury that if the plaintiff carried on the business in her own name, as the ostensible owner, and claiming to be owner of the goods, and if she had the possession of the goods and an interest in them, claiming to own them, and employed the defendants to carry them, and they were lost, she was entitled to recover their value of the defendants.

The jury having returned a verdict for the plaintiff, the defendants excepted to the above ruling and instructions of the court, and moved to set the verdict aside.

*Wiggins*, for the plaintiff.

The case raises two questions, both arising from the instructions of the court to the jury. These are

I. The responsibility of the defendants for the transportation of goods, &c., over their road, and the effect of the regulations or instructions they may make not brought home to the plaintiff's notice nor made known to the public.

II. The plaintiff's right of recovery.

It must be taken for granted that the defendants are common carriers. They come under the well-settled rule that all persons carrying goods for hire come under that denomi-

nation. It was so expressly decided in England, in the case of *Palmer* v. *Grand Junction Railway Co.*, cited in Chitty on Contracts 481; Bul. N. P. 70; 1 Sel. N. P. 240; Chitty on Con., 480, (4th Am. ed.)

No question will arise about the true delivery of the goods, because the case finds that the package of the plaintiff was given to the baggage master of the defendants.

Nor can there be any question about who carried the package. It was not delivered to a *fireman* or a *brakeman*, but to the baggage master, and by him put on the cars for Great Falls.

The defendants are subject to the common law responsibilities, unless they are restrained by some special agreement between the parties, or an express refusal to receive the goods unless the party delivering them agrees to restrain that liability on legal notice of some rules or regulations, in violation of which the package of the plaintiff was lost.

Now if there were regulations of the defendants against carrying packages, by passenger or other trains, they were void as to the plaintiff, to say the least, unless brought home to her. Chitty on Con. 488; 4 Esp. 177–178; *Rowley* v. *Horne*, 3 Bingh. 2; *Kerr* v. *Willan*, 2 Starkie 53; *Davis* v. *Willan*, 2 Starkie 279.

The proof of this knowledge lies with the defendants. Chitty on Con. 488.

In the case of the *Camden Railroad* v. *Belknap*, 21 Wend. 354, it was held that railroad corporations were responsible for baggage, left at their offices to be placed upon the cars.

Il. The plaintiff is entitled to recover, even if another person was the real owner of the goods, and the instructions of the court, in this particular, are right.

A judgment obtained by the plaintiff would be a bar, in an action by others, and as against a stranger either the general or special owner of the property is entitled to recover.

*Wells* and *Christie*, for the defendants.

GILCHRIST, C. J.   The case finds that there was evidence tending to show that packages, not belonging to passengers, were carried by the passenger train from the passenger depôt, and that the bonnets in question were delivered by the plaintiff's agent at the passenger depôt, at Dover, to the defendant's baggage master, whose duty it was to take charge of all the baggage of passengers and of all merchandize to be transported by the trains, and that they were by him put upon the cars for Great Falls.

The instruction of the court is, in substance, that if the plaintiff employed her own individual agent to carry the package on his own account, the defendants would not be responsible ; but if it were delivered to the general agent of the defendants, to be transported by them for hire, they would be liable, notwithstanding they might have given private instructions to their general agent that packages should not be sent by the passenger trains on their account, but should be on the individual account of the person undertaking to transport them, unless such instructions were known to the plaintiff or to the public generally.

This instruction is undoubtedly correct.   Any arrangement made between a carrier and his servant, by which the servant is to be paid for the carriage of particular parcels, will not exempt the carrier from responsibility for the loss of them, unless such an arrangement is known to the owner thereof, so that he contracts exclusively with the servant. *Allen* v. *Sewell*, 2 Wend. 327.   So the mere fact that the driver of a stage coach is accustomed to carry articles for hire, for his own particular advantage, will not render the proprietors of the coach liable.   *Bean* v. *Sturtevant*, 8 N. H. Rep. 325.   Whenever it appears that there is no intention to trust the carrier with the custody of the goods, he will not be held liable.   *Brind* v. *Dale*, 8 C. & P. 207.   This doctrine is the dictate alike of common sense and of justice.

It is the party only with whom the contract is made, who incurs any liability to the owner of the goods. The mere fact that the bailee is in the employ of a railroad corporation is not sufficient to make the corporation liable.

Where, however, the corporation have a general agent, who is employed by them for the express purpose of receiving and transporting merchandize for hire, and is held out to the world as invested with authority for this purpose, if goods are delivered to him to be transported in the way of his duty, the corporation will be liable for the manner in which that duty is performed, and the contract of bailment may be regarded as made with them. In the present case there was such a general agent. It was his duty to take charge of all the baggage of passengers, and of all merchandize to be transported by the defendants, and a delivery to him was a delivery to the corporation.

The defendants contend that all packages not belonging to passengers going by the passenger train, were carried by the brakemen, firemen and others, on their own individual account, and that the corporation received no compensation when goods were thus transported. No private instructions or agreements between the corporation and their servants, not published to the world at large, nor communicated to the plaintiff, could affect her right to recover. A contrary doctrine would seem to infringe upon the principle that a person cannot be bound by a contract to which he is not a party.

The instruction of the court is, that if the bonnets in question were delivered to the defendant's agent, who had authority to receive and forward them, the defendants would be liable. This doctrine seems to be incontrovertible. If the jury believed that such facts existed in the case, notwithstanding the evidence offered by the corporation, they could not avoid returning a verdict for the plaintiff.

In relation to the interest of the plaintiff in the bonnets, it appears from the case that she carried on business in her

own name; that she had possession of the bonnets, and delivered them to the agent of the defendants. Now whether some other person was or was not interested in the business, is entirely immaterial. The contract was made between the defendants and the plaintiff, and not between the defendants and any other person. She may or may not be answerable to some third person for a part of the damages she may recover from the defendants. The legal interest in the contract resides in her, and she is the proper person to enforce it. If a person has a beneficial interest in the performance of a contract, or a special property or interest in the subject-matter of the agreement, he may support an action in his own name upon the contract. *Brown* v. *Hodgson*, 4 Taun. 189; *Shields* v. *Davis*, 6 Taun. 65; *Joseph* v. *Knox*, 3 Camp. 320.

In the case of *Freeman* v. *Birch*, 1 Nev. & Man. 420, the plaintiff, a laundress, was in the habit of sending linen to London by the defendant's cart. On one occasion a basket of linen, belonging to one S., was sent by the defendant's cart, and on its way to London parts of the contents were either lost or stolen. S. did not pay the carriage of the linen, and it was objected, on the part of the defendant, that the present action was misconceived, and that the action should have been brought by the owner of the linen. But the court held that, under the circumstances, the bailee must be taken to retain a special property in the goods sufficient to support the action.

Even if we suppose, in the present case, that some third person had the entire ownership of the property as against the plaintiff, upon the above principle this action may be maintained.

*Judgment on the verdict.*